Stewart, Mark Stewart, Helen, a tearing crochet, Eric Anderson, a tearing paraphernalia. All right, Mr. Stewart, do you wish to reserve any time for rebuttal? Yes, Your Honor. How about eight minutes? Okay. You may commence. Good morning, Your Honors. Thank you for allowing oral argument. This appeal presents a very simple issue. Whether a claim which is unenforceable against the debtor, the property of the debtor, the assets of the bankruptcy state, must be disallowed pursuant to 11 U.S.C. 502 B.1. Why is it unenforceable as to you? It's unable to be enforced, Your Honor. That's different. That's different. So you're judgment-proof, to use sort of layman terms. Why does that mean that it's unenforceable? It's a practical matter, but as a legal matter, it's enforceable, is it not? No. In other words, what are you going to enforce it against? You can't separate common sense and the practical understanding of words and the meaning of words. How about your future assets? They don't exist right now. But they might. Well, they might, but they might not. Do you buy lottery tickets? Do I know? You might. When we interpret a statute, we do that in reality. Because otherwise, statutes would have huge, expansive meanings, and they would capture everything in there. So under your view, any time you sue somebody who's judgment-proof, you don't have a legal claim. You have a void claim against them. You have a claim which is currently unenforceable. It's not void. So void is different. You're unable to enforce it because there's no way to enforce it. Now, you recently modified your plan, did you not, to specifically provide for payment of this claim for many future assets you might acquire during the time of the Chapter 13 case? Yes. Okay. Isn't that, in fact, something of a concession that that's at least possible?  So had the judge disallowed the claim, there'd be no need to do that. But that illustrates why the claims, when they're unenforceable for any reason, they're disallowed. So having no property against which you can enforce it is a reason to disallow it. It's uncollectible. Correct. That's your theory. It's uncollectible. Right. So you're equating lack of the ability to collect with lack of the ability to enforce. You're taking the practical and saying the legal, the fact that legally this is a valid claim, which you don't dispute, do you? I mean, you don't dispute that they got a judgment and you lost on appeal as to the judgments, correct? Right. I'm not saying that they don't have a valid claim. A valid claim is not an enforceable claim. And the examples that I cited in my briefing were where you have a valid claim, except that the statute of limitations prevents you from enforcing it. That was an example of it. Or there was another case where, in this case, they claimed that they had a secured claim. And Arizona law precluded that. And so they signed a claim under penalty of perjury saying that it was secured by real estate. And it's not. And they knew it wasn't. And that issue was decided in your favor and they're not disputing that on appeal, correct? Well, it should have been disallowed for that reason. So if it's unenforceable for any reason, when you claim it's enforceable as a secured claim and it's not, it has to be disallowed and you have to amend it. Because we now have an issue. The trustee has now asked the court to decide what are we going to do about the secured nature of their claim. You know, a year later. So it creates duplicitous proceedings, unnecessary costs for the debtor, and increases the cost of bankruptcy. She could have easily entered an order that just said it's allowed as unsecured, but she hasn't done that, has she? She entered an order that said it wasn't secured, but she should have disallowed the claim. And they should have filed an amended claim which said it was unsecured. That would have the issue with the trustee. Now we're going to have to go through the same thing and repeat all the same stuff. Or City of Scottsdale could just file an amended claim that says it's unsecured. That's correct, and that's what they should have done. Can't they still do that? If we were to decide that it's otherwise not subject to set aside, isn't that something that they can do? I'm arguing that the claim is disallowed for that reason. Well, couldn't the judge just have said the claim is not allowed as a secured claim, it is allowed as an unsecured claim? I do that every day. Me too. She agreed with me that it was not a secured claim. What I'm saying is that the law requires that it be disallowed. And I cited a case, Pioneer Mortgage, where a creditor had claimed they had a secured claim. The BAP went through the analysis of it and said it's not a secured claim, it should be disallowed. So I don't think you can constructively amend it. I want to make sure I understand what you just said. You just said, if I understand correctly, if a court rules that a claim that is said to be secured is not secured, then the court has no alternative authority to allow it as an unsecured claim. Is that your position? Yes, Your Honor, unless it's amended. Okay, thank you. That's my position. So I don't... We can't... So the court cited in Merlino, a case from the 1980s, and you can't divorce the language of the statute from the common sense understanding of the terms. Enforceable means able to be enforced. If it's not able to be enforced, it's unenforceable. The reason that it matters is that now we've got Scottsdale in there claiming that they have an enforceable claim against the community property. And that issue should have been decided as part of the claim allowance procedure. And you're almost at your eight minutes, so you can either answer this question now or hold it. But isn't that really the... You've got three things, three buckets. One is, I have nothing to pay it from, so disallow it. The second is, they filed it as secure, they have it amended, disallow it. And the third is this argument that, well, what she said was, I don't know if there's a fund available to pay it. I think it's enforceable as a legal matter, but it may not be payable from the estate. And she's going to decide that issue later. So if we go with her reasoning on point one, do we ever even get to your reasoning on point two? Because I'll... Okay, fine. That's a battle yet to be joined, and she'll do that in the plan process, and she may well agree with you. Your Honor, the plan confirmation, it's my burden. When I object to a claim, and I present legal authority which says it's not enforceable against these assets, it's the treasurer's burden. That's the difference. I understand you think the burden of proof benefits you in one form and not in another, but the question is whether she properly applied the burden of proof in the claim objection process. That may have consequences for you in another context. You're at six minutes now, or close to seven. Do you want to stop or reserve the rest of your time or continue? Have I answered your questions, or I'm ready to stop and do rebuttal. Okay. We'll let you reserve your six minutes and 30 seconds, and you can use that for rebuttal, and we may ask some of the same questions. Who knows? Depends on what he says. So with that, let's see. Mr. Anderson, you may proceed. Good morning, Your Honors. If it pleases the Court, Eric Anderson on behalf of the City of Scottsdale. I have a few remarks prepared, but I think the Court is right on to the point. In re Merlino, which is an accepted procedure and practice, it doesn't control this case because it's not binding, but it definitely sets forth the process. It's a two-step process. The debtor in this case has set forth no authority for his proposition that I may not have a pot of money or I may be judgment-proof as to this creditor why the claim should be disallowed. It is also set forth no authority that if a claim is determined to be unsecured or not, that leads to a complete disallowance of the claim. Simply means that it's disallowed as a secured claim, which as the Court has recognized here today, was not appealed by the City. It's a debatable issue based on Arizona law. We did not cross-appeal. We have not raised that as an issue. So that's the decision. The only decision that Judge Martin made in the Court below was, in fact, that the City's claim was allowed. We pointed out in our briefings, as well as the schedules, not only there's two things, as Judge Klein, I believe it was, pointed out, that Mr. Stewart well could come into possession of assets if assuming ultimate plan confirmation during the five-year performance of the plan, but there's also assets in the estate right now in the form of claims he has asserted against others, third-party claims that are, in fact, potentially sole and separate property. We still debate the issue of whether or not the judgment... So he listed litigation against the City, and under Arizona law, it would be his separate property if it included sort of personal injury kind of claims? Is that your theory? Under Arizona law, the case we cited to the Court was Jurek v. Jurek. Yes, if it's... there can be a combination of claims. The way I read that case and interpret it, that's kind of the set of law. If, in fact, it was a reimbursement that he recovered for a community expenditure, that portion of the claim would be a community asset. For example, if a plaintiff recovered medical bills or damages to fix a community vehicle as a result of an accident, that would be a community asset. However, injuries that are purely personal to the plaintiff, such as emotional damages, pain and suffering, loss of consortium of those nature, are under Arizona law a separate asset. So there's clearly... that blows the debtor's argument out of the water that he's judgment-proof in the sense that... I'm thinking back now to the previous argument where I don't want to say this is a substantial claim because we're defending those claims at the same time, but... That's exactly what you're getting ready to do. I can see it coming. I can see Judge Taylor was ready to call me on that one. Although we think that those claims will not lead to anything, they are clearly under Section 541 and prevailing case law, contingent claims. Those claims are all assets of the bankruptcy estate. So there's not only, A, is there the potential of Mr. Stewart coming into possession of assets that could be, even if the city, even if Judge Martin were to determine below and it would result final that the judgments were not collectible in the community, there's still the potential of separate property either coming into the estate or it coming into the estate as becoming a... from a contingent claim becoming a liquidated claim through Mr. Stewart in the... I'll go out on a limb and say unlikely event that Mr. Stewart were to recover on his claims against the city that are assets of his bankruptcy estate, those would potentially be separate property that would be used to pay the city's judgments, which are not disputed. Mr. Stewart has not disputed them. So if we circle back to the issue of enforceability, I think the court is well on to this. What Mr. Stewart is confusing is some procedural impenitent to the claims being forced. For example, this is not the case, but in Arizona, a judgment expires after 10 years if you don't re-record it or take action against it. So in that scenario, if we had a situation where we had a dated judgment, Mr. Stewart might have an argument that this claim is not enforceable against the estate because it's barred under Arizona procedural law. What Mr. Stewart hasn't cited to this court is any Arizona procedural or federal procedure that would bar the city from enforcing this. As this court has recognized in the opening, appellant's opening, Mr. Stewart's really saying I'm judgment-proof and therefore you should disallow the claim altogether. He's doing a plain language interpretation and saying that we must equate enforceable with collectible. Correct. I think where the confusion lies is there's a and in the bankruptcy code section. Enforceable against the debtor and property of the debtor. What the intent there was to address the situation, as the court is probably well aware, there are situations where a debtor may have an interest in property and there's some type of and typically it's in a real estate context where a claim against that particular asset real estate-wise is not enforceable personally against the debtor because the debtor basically took that claim by acquiring the property subject to it. For example, if there were a lien against property and the debtor were to purchase that property, the underlying debt of that lien wouldn't necessarily be enforceable against the debtor himself, but it would be enforceable against the debtor's that piece of property assuming the lien had been perfected prior to filing. You have an all-California panel, so we're all familiar with, for example, the anti-deficiency purchase money statute that means if it's purchased money, you're getting it from the property and never from the debtor. So I'm aware that there are circumstances where there is no personal liability. This would not be one of them, though. Correct. You're absolutely correct, Judge Taylor. And that's the intent of the statute with the and is to identify the situations because it's phrased in the negative, not the positive. It doesn't say the claim is allowable. If both the enforceable against the debtor and the debtor's property, it's phrased the other way in the negative, which while it could have been artfully phrased better, the congressional intent there was clear that to include the claims that both could be enforceable against the debtor and potentially enforceable against debtor's property, even if not directly enforceable as the debtor. Why hasn't the city amended the claim to simply You've acquiesced in the determination that it's unsecured. Why haven't you filed an amendment to clarify that point for the greater good of the order as it were? Because it sounds like people are creating tumult in the case. Your Honor, it's a good question. We're not aware of a need, a legal requirement that our belief is that, and I think some of the panel has pointed out that that's routine procedure in the bankruptcy. If the claim is merely because it's determined not to be secured, it doesn't mean it's disallowed in its entirety. If that were as simple as that, we would certainly amend the claim. The only thing that, to some, that could be an unfairness because if you have a legal requirement that says you have to amend your complaint, or excuse me, amend your claim, and I don't know the answer, but in normal, like when you amend your complaint in a court, that becomes the operative thing. So you would potentially lose your rights to argue that, no, Judge Martin made the decision the wrong way, and therefore it's unsecured. Understood. I'm just saying that by failing to appeal, you've sort of made that the operative rule of the case. Correct. Your Honor, we made the decision at the time of briefing, or whatever our deadline was to file a cross-appeal with this court. I honestly didn't know it was an issue, and I don't think that would have prevented this appeal. Would it be fair to say that the city concedes for purposes of this Chapter 13 case that the claim at this point is allowed only as an unsecured claim? That if the debtor were to dismiss the Chapter 13 case, that might be a different story, and the city might then be claiming secured status again. Certainly, Judge Klein, that is correct. The city has essentially—I'm not sure it was formalized in an order, but in the transcript of the discussion with Judge Martin in the court below, Judge Martin determined it was disallowed but unsecured. We believe that's law of the case, for lack of a better word, and we do concede that as of—for plan confirmation purposes, assuming Mr. Stewart continues to diligently pursue his bankruptcy plan confirmation, that will proceed under the auspices that the city's claim is allowable but not secured, and then we'll join the battle, to borrow a phrase, with the other issues that Judge Martin hasn't determined yet, such as whether the community property is subject to satisfy the city's judgments or not. With that, I'm glad to answer any further questions of the panel, or I will concede the remainder of my time, if none. Judge Brand, any questions? No. Judge Klein, any questions? No. All right. Thank you very much for your argument. We'll return to Mr. Stewart for his remaining time for rebuttal, which is significant, six minutes and 30 seconds, so you may commence. Sure. Your Honor, the statute doesn't define the term enforceable, and so when we look at enforceable, we look at the common sense meaning of that term, and how you go about enforcing a judgment. So, I cited a couple of cases where the Ninth Circuit had interpreted statutes, and when a natural reading of the statute leads to a rational common sense result, an alteration of meaning is not only unnecessary, but extrajudicial. So, you're altering the plain meaning of the words. Let me just stop you there and say I'm a big believer in plain language, but here you have to read the plain language in the context of the entire statute, and also take into consideration that we're in a legal context. Enforceable as a legal matter usually means not barred by statute of limitations, not a stale judgment, not the result of something that gives someone a legal right. Why is that not an entirely reasonable way to interpret this, and not to engraft into this a concept of collectability, which is a different concept in my mind at least. Well, again, if that were the case, you would have Ninth Circuit cases interpreting the word unenforceable. Do you agree that property of the estate, the Chapter 13 case, this is a Chapter 13 case, isn't it? That's right. That property of the estate includes all property of the type that would be part of property of the estate in a Chapter 7 case under Section 541, that is that you acquire after the commencement of the case, all the way to the point where it's closed, dismissed, or converted, and that it also includes all of your personal service income during the life of the case? That's Section 1306? Any of my earnings, any of my wife's earnings, are property of the estate to pay claims that can be paid from that property. If that's what your question is, I'm not sure. I feel like you're sort of bullying me here, or you're asking me. I don't think he's asking you. I'm not familiar with all the sections of the code the way that you guys are. Mr. Stewart, I just want to stop you and say no one's bullying you, and that's not going to be a very productive tactic. So just answer the question. It's a legitimate question. He's cited a section of the code, and he's asking you what you think about it. Yes. All property, so any sole and separate property that I might acquire, all community earnings are part of the bankruptcy estate. I agree with that. But that's not the issue here. The issue is can it be enforced against what currently exists? So what the city is arguing is we can enforce this against something that doesn't exist and may never exist. What I'm arguing is if it comes into existence, I amend my schedules. They then file an amended claim. But under Arizona law, they don't have a way to enforce it against community property, and the cases that I cited are dispositive on the issue. The case Shaw v. Greer, Arizona Supreme Court is directly on point. A predator had a judgment against a married man and only named him. They brought a garnishment against community bank accounts trying to garnish the earnings. The Supreme Court quashed it and said you can't do that. And so that's the issue. Judge Martin should have decided that issue as part of the claim objection proceeding because if you delve into the hypothetical assets, then every single judgment would be allowed under bankruptcy law, every single judgment. You just would come up with something hypothetical. And I'm saying you're constrained by the schedules. You're constrained by reality.  They file an amended claim. But now I'm in a situation where I retained an attorney. He said here's your ruling. You're going to have to have these two classes to make payments even though there's only one kind of property. There's only community property. There's only the earnings of my wife and myself. So under Arizona law, those earnings can't be used to face Drostel's judgment. So I've cited the Arizona Supreme Court. I cited three or four different cases from the Arizona Supreme Court. I cited to you the Seventh Circuit where they decided a case just like this. And so Judge Martin had to decide that enforceability issue with regard to the currently existing assets because the plan hadn't been amended at the time that she made her ruling. I'm wondering how you could ever get a final order on a claim objection under your view of the world. The claim would be disallowed. That's a final appealable order. Not if you can amend it later and have it be resurrected. It's an interesting view, but I'm going to have to ponder that. I'm pretty sure this is a final order, and I'm pretty sure that it's because they may be able to amend it for a lot of reasons, but not simply because you bring new assets into the estate. So that's troubling to me. I'm saying very simply under Arizona law, and it's well-settled Arizona law. I understand your Arizona law. It's unenforceable against the community property. That's the only assets in the estate. And so at the time she made her ruling, she had to rule on that issue. She couldn't rule on a hypothetical issue. I understand your view, and I understand why those two are tied in your mind. I do. All right. Thank you very much. Your time is up. Thank you very much for your good arguments. This will be taken under submission. Thank you, Your Honor. Thank you. All right. Let's call the next matter.
judges: Taylor, Brand, Klein